UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

HOME MARKETS FOODS, INC.,

                              Plaintiff,

      -against-

SWISS RE CORPORATE SOLUTIONS
CAPACITY INSURANCE
CORPORATION,

                              Defendant.

**25 Civ. 941 (AT) (GS)**

**ORDER**

-----------------------------------------------------------------X

**GARY STEIN, United States Magistrate Judge:**

Upon referral of this matter from Judge Torres (Dkt. No. 25), the Court has reviewed the letter from Plaintiff Home Market Foods, Inc. ("Home Foods") dated June 10 (Dkt. No. 22), the response from Defendant Swiss Re Corporate Solutions Capacity Insurance Corporation ("Swiss Re") dated June 30, 2025 (Dkt. No. 24), and other relevant docket entries. The Court rules as follows:

1. Swiss Re's request for an extension of its time to answer or otherwise respond to the Complaint is **GRANTED**. Swiss Re's failure to comply with the requirements in Section III.A.i and III.B of Judge Torres' Individual Practices in Civil Cases is regrettable, and correctly resulted in the striking of its improperly filed motion to dismiss. (Dkt. No. 18).[1] Nevertheless, Home Foods' argument that this foot-fault should result in a waiver of Swiss Re's right to move to dismiss is unsupported by any apposite authority and is

---

[1] Perhaps more regrettable is Swiss Re's attempt to deflect blame for this violation by pointing to Home Foods' counsel's failure to provide Swiss Re's counsel with a copy of Judge Torres' Individual Practices as required. (Dkt. No. 24 at 3; *see* Dkt. No. 4). The Court is confident that Swiss Re's counsel was capable of finding Judge Torres' Individual Practices on its own without the assistance of its adversary. As members of the Bar of this Court, Swiss Re's attorneys were duty-bound to do no less. *See* Loc. Civ. R. 1.3(c)(7).

entirely insubstantial. Swiss Re filed its motion to dismiss the Complaint on the day it was due, May 23, 2025 (Dkt. Nos. 13, 14-16), and after Judge Torres struck the motion and directed Swiss Re to comply with Rule III.B of her Individual Practices (Dkt. No. 18), Swiss Re moved promptly to do so, including by requesting an additional extension of time to respond to the Complaint. (Dkt. No. 19). Swiss Re thus cannot fairly be said to have been in default of its obligation to respond to the Complaint, and the Court now finds that an extension of its time to respond is warranted.[2]

2. Home Foods' request for a stay of this action pending resolution of litigation concerning the forum selection clause in the action pending in the Massachusetts Superior Court is **DENIED**. Home Foods' position is premised on its view that the forum selection clause is unenforceable under Massachusetts law and that this Court should defer to the ruling of the Massachusetts Superior Court on that issue. (Dkt. No. 22 at 3-4). But if Swiss Re is correct that under the language of the forum selection clause, this suit belongs in New York state court rather than this Court, then it is the New York state court that should be deciding these questions. This Court can decide the threshold issue presented by Swiss Re's forthcoming motion without addressing the enforceability of the clause under Massachusetts law. It was Home Foods that initiated both an action in Massachusetts and a parallel action in New York that expressly invokes jurisdiction and venue on the basis of the forum selection clause. (*See* Complaint, Dkt. No. 1 ¶¶ 3-5, 14-16). Having done

---

[2] Contrary to Home Foods' contention (*see* Dkt. No. 22 at 3), therefore, the question here is not whether Swiss Re has shown "excusable neglect" for missing a deadline, because Swiss Re has not missed a deadline. Even if excusable neglect were relevant here, the Court finds in its discretion that the excusable neglect standard is satisfied. *See NAVCAN.DC, Inc. v. Rinde*, No. 23 Civ. 2267 (LGS) (JW), 2024 WL 3305439, at *2 (S.D.N.Y. Apr. 23, 2024) ("'Excusable neglect may be found where the relevant circumstances reveal inadvertent delays, mistakes, or carelessness[,]' and this standard 'is broad enough to encompass even those omissions caused by circumstances within the movant's control.'" (quoting *In re Painewebber Ltd. P'ships Litig.*, 147 F.3d 132, 135 (2d Cir. 1998))).

so, Home Foods can hardly be heard to complain about the burden of litigating the threshold question of whether the forum selection clause required it to bring its parallel action in New York state court instead of federal court. If the motion to dismiss is granted, Home Foods can take up the issue of a stay with the New York state court. If the motion to dismiss is denied, Home Foods can, if appropriate, renew its request for a stay with this Court.

3. Based on the foregoing, Swiss Re is directed to file its motion to dismiss within two weeks of today, *i.e.*, by no later than August 1, 2025. If the parties wish to agree on a briefing schedule with deadlines different from those otherwise applicable, they may submit a proposed schedule for the Court's approval.

**SO ORDERED.**

DATED:    New York, New York
          July 18, 2025

_____
The Honorable Gary Stein
United States Magistrate Judge