UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HOME MARKET FOODS, INC.,

Plaintiff,

-against-

SWISS RE CORPORATE SOLUTIONS
CAPACITY INSURANCE CORPORATION,

Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __2/26/2026__

25 Civ. 941 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, Home Market Foods, Inc. ("HMF"), brings this action against Defendant, Swiss Re Corporate Solutions Capacity Insurance Corporation ("Swiss Re"), for breach of contract arising out of Swiss Re's failure to indemnify HMF for property damage and business loss interruptions sustained due to a series of fires at an HMF facility. *See* Compl. ¶ 1, ECF No. 1. Swiss Re moves to dismiss the action pursuant to Federal Rules of Civil Procedure 12(b)(3) and (6) on the ground that the forum selection clause in the parties' insurance contract bars Plaintiff from filing suit in this Court. *See* Mot., ECF No. 27; Mem., ECF No. 31; *see also* Opp., ECF No. 34; Reply, ECF No. 35. For the reasons stated below, Defendant's motion is granted.

**BACKGROUND[1]**

HMF is a leading developer, manufacturer, and marketer of protein-based meals and snacks sold in supermarkets, big box retailers, and convenience stores. Compl. ¶ 18. In February 2024, HMF's facility in Norwood, Massachusetts ("Norwood Facility") sustained two related fires, causing HMF over $10.5 million in property damage and business interruption losses. *Id.* ¶¶ 1, 30–59. The Norwood Facility is HMF's primary production plant. *Id.* ¶ 21.

---

[1] The following facts are taken from Plaintiff's complaint, and the Court takes all well-pleaded facts alleged in the complaint as true, drawing all reasonable inferences in favor of the plaintiff. *See Morrison v. National Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008).

Swiss Re is a part of a group of insurers ("the Insurers") who sold a property insurance program to HMF with over $25 million in available coverage for fires, split among different insurers. *Id.* ¶¶ 2, 62.  After the February fires, HMF timely notified that Insurers of the fires and its losses, but, after a full year, the Insurers have neither issued a formal coverage determination nor made payment under the insurance policies.  *Id.* ¶ 7.  The Insurers "have insinuated . . . that they intend to require two deductibles from HMF, one for each of the two . . . fires," even though "the second fire was caused by firefighting debris from the first fire that . . . migrated to an incinerator."  *Id.* ¶ 10.

In January 2025, HMF initiated a separate action against Swiss Re and the other Insurers in the Superior Court in Massachusetts.[2]  *Id.* ¶ 3.  HMF files "[t]his parallel action against Swiss Re . . . out of an abundance of caution because . . . Swiss Re is the only one of the group of insurers with a clause in its policy stating that a suit against it must be brought in New York."  *Id.* ¶ 4.  In the Massachusetts case, Swiss Re has moved to dismiss based on the forum selection clause at issue here; the Massachusetts Superior Court has yet to rule on Swiss Re's motion.  *See* Opp. at 13–14; *see also* Pl. Ltr, ECF No. 22.

The Swiss Re insurance policy contains the same terms as the other Insurers' policies, with two exceptions:  first, the Swiss Re policy requires that any suit or other legal action be brought within 12 months of the loss that is the subject of the disputed claim; second, the Swiss Re policy includes a forum selection clause.  Compl. ¶¶ 85–87.  The forum selection clause is set forth below:

**<u>Applicable Law; Court Jurisdiction</u>**

The laws of the State of New York, without regard to any conflict of laws rules that would cause the application of the laws of any other jurisdiction, shall govern the construction, effect, and interpretation of this insurance agreement.

The parties irrevocably submit to the exclusive jurisdiction of the Courts of the State of New York, and to the extent permitted by law the parties expressly waive all rights to challenge or otherwise limit such jurisdiction.

---

[2] *See Home Market Foods, Inc. v. AIG Specialty Insurance Company et al.*, No. 2582CV00110, Massachusetts Superior Court - Norfolk County, filed Jan. 31, 2025.

Swiss Re Policy at 27, ECF No. 1-2.

**DISCUSSION**

I. Legal Standard

"The enforcement of a forum selection clause through a Rule 12(b) motion to dismiss is a well-established practice." *TradeComet.com LLC v. Google, Inc.*, 647 F.3d 472, 475 (2d Cir. 2011). Dismissing a claim based on a forum selection clause involves a four-part analysis.[3] First, the Court considers "(1) 'whether the clause was reasonably communicated to the party resisting enforcement'; (2) whether the clause is 'mandatory or permissive, i.e., . . . whether the parties are required to bring any dispute to the designated forum or simply *permitted* to do so;' and (3) 'whether the claims and parties involved in the suit are subject to the forum selection clause.'" *Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014) (emphasis in original) (citation omitted). If these conditions are met, the clause is "presumptively enforceable." *Id.* (citation omitted). "A party can overcome this presumption only by (4) 'making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" *Id.* (citation omitted). In answering the interpretive questions posed by (2) and (3), the Court applies state law; in answering the enforceability question posed by (4), the Court applies federal law. *See id.* at 217–18.

II. Analysis

A. Motion to Dismiss

The forum selection clause in Swiss Re's insurance policy provides that the parties "irrevocably submit to the exclusive jurisdiction of the Courts of the State of New York and to the extent permitted by law, the parties expressly waive all rights to challenge or otherwise limit such

---

[3] In determining whether to dismiss on the grounds of a forum selection clause, courts evaluate a forum selection clause pointing to a nonfederal forum in the same way that they evaluate a forum selection clause pointing to a federal forum. *See Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 60, 66 n.8 (2013).

jurisdiction." Swiss Re Policy at 27. The parties dispute (1) the selected forum under the clause, and (2) the enforceability of the clause. Swiss Re argues that the forum selection clause requires that this suit be brought in New York state court, not federal court, and that the clause is enforceable. *See generally* Mem.; Reply. HMF argues that the forum selection clause permits suit in federal courts in New York, *see* Opp. at 8–12, that the clause is unenforceable, *see id.* at 12–14, and that the action should be stayed pending a ruling from the Massachusetts Superior Court, *see id.* at 14–16.

As to the first issue, "[t]here is a general consensus among courts in this District that clauses providing 'courts of the State of New York' as the proper forum typically set venue in New York *state*, not federal courts." *Molokotos-Liederman v. Molokotos*, No. 23 Civ. 1654, 2023 WL 5977655, at *12 (S.D.N.Y. Sep. 14, 2023) (emphasis in original) (citing cases); *see also Benevolent & Protective Ord. of Elks of U.S. v. Swiss Re Corp. Sols. Elite Ins. Corp.*, No. 25 Civ. 516, 2025 WL 1056899, at *1 (S.D.N.Y. Apr. 8, 2025) (agreeing that under the same forum selection clause at issue here, the lawsuit "needed to be filed in New York *State* court rather than a federal district court in New York"). The Court agrees and concludes that the Swiss Re policy provides exclusive jurisdiction in New York state courts.

As to the second issue, the clause is presumptively enforceable. *See Martinez*, 740 F.3d at 217. First, HMF does not dispute that the clause was reasonably communicated to HMF. *See Saye v. First Specialty Ins. Co.*, No. 14 Civ. 5946, 2015 WL 1737949, at *4 (E.D.N.Y. Apr. 16, 2015) (holding that an identical forum selection clause contained "sufficiently clear and unambiguous" language to meet this standard). Second, the clause is mandatory, as the parties contracted to "irrevocably submit" to the jurisdiction of the chosen forum and "waive all rights to challenge or otherwise limit such jurisdiction." Swiss Re Policy at 27; *see Saye*, 2015 WL 1737949, at *5 (holding that an identical forum selection clause was mandatory). Third, there is no dispute

that HMF's claims relate to coverage under the insurance policy such that the clause applies to this action.  *See* Swiss Re Policy at 27.

The Supreme Court has held that "a valid forum-selection clause should be given controlling weight in all but the most exceptional circumstances."  *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 59–60 (2013) (citation omitted).  HMF has not made a "strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching."  *Martinez*, 740 F.3d at 217 (citation omitted).  HMF argues that the forum selection clause is void under Massachusetts law.  *See* Opp. at 13–14.  But that does not render the clause unenforceable under federal law, which is the law governing the enforceability of a forum selection clause in federal court.  *See Martinez*, 740 F.3d at 217–18; *see also* Opp. at 12 n.4.

To whatever extent HMF seeks to avoid enforcement of the forum selection clause because of the inconvenience of litigating parallel actions in Massachusetts and New York, the Court is not persuaded.  HMF was aware of potential litigation in multiple venues when it entered into the insurance contracts.  HMF has also failed to show that allowing this action to proceed in federal court in New York is any less inconvenient than allowing the action to proceed in state court in New York.  Moreover, where there is a contractual agreement, "[p]rivate interest factors should not be considered."  *Saye*, 2015 WL 1737949, at *5 (citing *Atl. Marine*, 571 U.S. at 64).  HMF has not identified any public interest factors weighing in favor of keeping this action in federal court.  Therefore, the Court concludes that the forum selection clause is enforceable under federal law and dismisses the action with prejudice to refiling in federal court but without prejudice to refiling in state court.  *See Arrowsmith v. United Press Int'l*, 320 F.2d 219, 221 (2d Cir. 1963) ("A dismissal for lack of jurisdiction or improper venue does not preclude a subsequent action in an appropriate forum.").

B.  Stay of Action

HMF renews its request for a stay pending the Massachusetts Superior Court's resolution of Swiss Re's parallel motion to dismiss under the forum selection clause.  The Court, again, denies the request.  *See* ECF No. 26.  Whatever decision the Massachusetts Superior Court makes on the enforceability of the forum selection clause under Massachusetts law, the action may not be brought in this district.  If HMF is concerned about the inconvenience or inefficiency of parallel litigation on its property insurance coverage claim, HMF can request a stay of the action in New York state court.  *See* Opp. at 15–16 & n.6 (explaining why a stay is warranted); *Trieber v. Hopson*, 27 A.D.2d 151, 152 (1967) ("The court in which an action is pending, may grant a stay of proceedings in a related action, particularly where the stay is granted to prevent an unnecessary multiplicity of suits.").

**CONCLUSION**

For the foregoing reasons, Swiss Re's motion to dismiss is GRANTED.  The action is DISMISSED WITH PREJUDICE to refiling in federal court.  However, the action is DISMISSED WITHOUT PREJUDICE to refiling in a New York state court.

SO ORDERED.

Dated: February 26, 2026
       New York, New York

_____
ANALISA TORRES
United States District Judge