UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HOME MARKET FOODS, INC.,

                    Plaintiff,

        -against-

SWISS RE CORPORATE SOLUTIONS
CAPACITY INSURANCE CORPORATION,

                    Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  5/26/2026

25 Civ. 941 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On February 26, 2026, the Court dismissed this action without prejudice to refiling in New York state court because of a forum selection clause in the parties' contract. *See generally* Order, ECF No. 36 (dismissing with prejudice as to refiling the action in federal court). Defendant, Swiss Re Corporate Solutions Capacity Insurance Corporation ("Swiss Re"), seeks an award of attorneys' fees and costs against Plaintiff, Home Market Foods, Inc. ("HMF"), in connection with its defense of this action. *See* ECF No. 38; Mem., ECF No. 39; Opp., ECF No. 41; Reply, ECF No. 42. For the reasons stated below, the motion is DENIED.

## I.    **Legal Standard**

Under New York law, as a general rule, "attorneys' fees and disbursements are incidents of litigation and the prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties or by statute or court rule." *Versatile Housewares & Gardening Sys., Inc. v. Thill Logistics, Inc.*, 819 F. Supp. 2d 230, 241 (S.D.N.Y. 2011) (quoting *A.G. Ship Maint. Corp. v. Lezak*, 69 N.Y.2d 1, 5 (1986)).

However, "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Under Rule 54(d), a party is a "prevailing party" when there is a "judicially sanctioned change in the legal relationship of the parties." *Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 101 (2d Cir. 2006) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 605 (2001)).

## II.    **Discussion**

### A.  Attorneys' Fees

No statute or contract authorizes Swiss Re's recovery of attorneys' fees. *See generally* Mem.; *see also* Opp. at 4. Swiss Re contends that it is nonetheless entitled to attorneys' fees because HMF breached the forum selection clause in their contract. Mem. at 3. Courts in this District have held that a party's breach of a forum selection clause, without more,[1] does not provide a basis for an award

---

[1] The Court does not find that HMF acted in bad faith bringing this action. *See Dattner*, 458 F.3d at 103–04; *see also A.G. Ship Maint.*, 69 N.Y.2d 1 at 5–6.

of attorneys' fees under New York law.  *See, e.g.*, *Versatile*, 819 F. Supp. 2d at 244–46; *Brown Rudnick, LLP v. Surgical Orthomedics, Inc.*, No. 13 Civ. 4348, 2014 WL 3439620, at *13–14 (S.D.N.Y. July 15, 2014); *Kornea v. Miller*, No. 22 Civ. 4454, 2024 WL 1935912, at *4–5 (S.D.N.Y. Apr. 5, 2024), *report and recommendation adopted*, 2024 WL 1932857 (S.D.N.Y. May 2, 2024). The Court agrees with these decisions and, accordingly, denies Swiss Re's motion for attorneys' fees.

          B.   <u>Costs</u>

Swiss Re argues that as the "prevailing party" under Federal Rule of Civil Procedure 54(d), it is entitled to costs.  Mem. at 2–3; *see also* Fed. R. Civ. P. 54(d) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.").  The Court dismissed the case without prejudice to refiling in state court.  *See* Order at 5–6.  Such an order "does not . . . immunize a defendant from the risk of further litigation on the merits of [HMF's] claims."  *Dattner*, 458 F.3d at 103.  Because HMF is "free to pursue [its] claims against [Swiss Re] in [state court]" and "it remains to be seen which party will, in fact, prevail on the merits, [Swiss Re has] not yet achieved a judicially sanctioned change in the legal relationship of the parties so as to be considered 'prevailing' under Rule 54(d)."  *Id.*  Therefore, Swiss Re is not a prevailing party entitled to an award of costs under Rule 54(d).

For the foregoing reasons, Swiss Re's motion for attorneys' fees and costs is DENIED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 38.

SO ORDERED.

Dated: May 26, 2026
      New York, New York

_____
ANALISA TORRES
United States District Judge

2